IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

August 27, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WALTER KENDRICK, | * | C.C.A. # 01C01-9708-CR-00167 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Walter C. Kurtz, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Greg King, Attorney
222 Second Avenue North
Suite 360-M
Nashville, TN 37201

For Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243

Tom Thurman
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The petitioner, Walter Kendrick, appeals the trial court's denial of his petition for post-conviction relief. The issue presented for review is whether his pleas of guilt were knowingly and voluntarily entered with the effective assistance of counsel. We find no error and affirm the judgment of the trial court.

On February 23, 1994, the petitioner entered best interest pleas of guilt to two counts of felony murder, one count of especially aggravated kidnapping, and one count of especially aggravated robbery. The trial court imposed consecutive life sentences for each murder and concurrent forty-year sentences for the kidnapping and robbery convictions. On direct appeal, the sentences were affirmed. State v. Walter E. Kendrick, No. 01C01-9408-CR-00297 (Tenn. Crim. App., at Nashville, Oct. 25, 1995). There was no application for permission to appeal to the supreme court. This court determined that the defendant qualified for consecutive sentencing as both a dangerous offender and "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2), (4).

Initially, the state sought the death penalty. Two attorneys represented the petitioner. One was retained and the other appointed. In the petition for post-conviction relief filed December 11, 1995, and amended by appointed counsel three months later, the petitioner contended, among other things, that trial counsel was ineffective in that his Alford plea had not been knowingly and voluntarily entered. The petitioner claimed that his trial counsel had failed to adequately investigate his competency and had failed to extend to him the opportunity to pursue a jury trial. The petitioner also contended that the trial court failed to adequately advise the petitioner of his constitutional rights before the guilty plea was entered and complained about his trial counsel's advice on a post-

2

sentencing motion to withdraw the guilty pleas.

At the evidentiary hearing, the petitioner testified that his attorneys failed to conduct any investigation and were hesitant to proceed to trial. He claimed that they believed he would be executed if he insisted on a trial and gave advice to "cop-out." The petitioner insisted that he was confused about the pleas of guilt and was under the impression that he would receive a jury trial after the guilty plea hearing. He remembered filing a motion to withdraw his guilty plea and claimed he was advised to present the issue in a post-conviction petition.

Attorney Doug Love, who was retained to represent the petitioner at trial, testified that the guilty pleas were in the best interest of the petitioner. He denied advising the petitioner that he could plead guilty and receive a jury trial later and recalled "[he] told me many times that he did not want to go in front of a jury [and t]here is no question in my mind about that at all." He stated that there was no legal basis for the petitioner's motion to withdraw his pleas of guilt, that the proof against the petitioner was strong, and that the petitioner did not want to face a trial.

Attorney Patrick McNally, who was appointed to assist in the representation of the petitioner at trial, agreed that the state's proof against the petitioner was strong. He testified that one or more co-defendants had been willing to testify against the petitioner and that the victim's jewelry and the murder weapon had been recovered from the petitioner's apartment. It was his opinion that the state could have proved three aggravating circumstances. McNally testified that the petitioner was not mentally retarded, had been determined competent to stand trial, and was both eligible for and likely to receive the death penalty. He recalled talking at length with the petitioner about entering guilty pleas and remembered that

3

Attorney Love unsuccessfully argued the motion to withdraw the guilty pleas.

The trial court concluded that the petitioner was competent at the time of his plea and fully understood the entire proceedings. The petitioner had undergone a psychological examination by experts before his guilty plea and was deemed competent to stand trial. The trial court ruled that trial counsel had not been deficient by failing "to press his requested motion to withdraw his guilty plea" and determined that the motion would not have been granted even if it had been timely filed and aggressively pursued.

In this appeal, the petitioner maintains that he was not fully aware of the direct consequences of his plea. More specifically, he contends that he was not properly advised by the trial judge of the mandatory minimum and maximum penalties. The petitioner insists that his trial counsel was deficient for misleading the petitioner into believing that the case would proceed to a jury trial.

As the petition in this case was filed after May 10, 1995, the petitioner has the burden of proving allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings made by the trial court are conclusive on appeal unless the evidence preponderates against those findings. Butler v. State, 789 S.W.2d 898 (Tenn. 1990).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court required that the record affirmatively show that each defendant knowingly, voluntarily and understandingly entered his pleas of guilt. The record must demonstrate that the defendant understood that he waived his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his

4

accusers.  Id. at 243.  Most importantly, the plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant."  North Carolina v. Alford, 400 U.S. 25 (1970); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977).

In our view, the record establishes that the pleas were knowingly and voluntarily made.  The petitioner has also failed to demonstrate that he was incompetent to stand trial or that he was unaware or misinformed of his right to a jury.  In short, he has failed to meet his burden of proof.

In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different.  Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984).  This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on a trial.  Hill v. Lockhart, 474 U.S. 52 (1985).  The transcript of the guilty plea establishes that the petitioner was adequately advised of each of his rights.  The record does not support the petitioner's contention that he was tricked into pleading guilty by his attorneys on the promise that there would eventually be a jury trial.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

5

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L.T. Lafferty, Special Judge